UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROOSEVELT CHAD JOHNSON,

    Plaintiff,

v.                                              Case No.:  8:24-cv-582-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

Plaintiff Roosevelt Chad Johnson seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A. Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

On May 13, 2021, Plaintiff applied for a period of disability and disability insurance benefits, and for supplemental security income, alleging disability beginning on September 24, 2020. (Tr. 94, 95, 315-29). The applications were denied initially and on reconsideration. (Tr. 94, 95, 125, 126). Plaintiff requested a hearing and on July 12, 2023, a hearing was held before Administrative Law Judge Anne Sprague ("ALJ"). (Tr. 51-66). On August 8, 2023, the ALJ entered a decision finding Plaintiff had not been under a disability from September 24, 2020, through the date of the decision. (Tr. 22-39). Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on December 6, 2023. (Tr. 6-10).

Plaintiff began this action by Complaint (Doc. 1) filed on March 5, 2024, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2023. (Tr. 24). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 24, 2020, the alleged onset date. (Tr. 25). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease; essential hypertension; chronic kidney disease; obesity;

anxiety disorder; depression; neurocognitive disorder." (Tr. 25). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 25).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except the claimant can lift and carry no more than 20 pounds occasionally and 10 pounds frequently; stand and/or walk up to 6 hours in an 8-hour workday; sit up to 6 hours in an 8-hour workday; never climb ladders, scaffolds or ropes, can occasionally climb stairs and ramps, balance, stoop, kneel, crouch and crawl; is limited to frequent exposure to unprotected heights and dangerous equipment; can understand, remember, and carry out only simple instructions; and can concentrate, persist, and maintain pace performing simple, routine job tasks with only occasional changes in the work setting.

(Tr. 27).

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work as a used car renovator or used car lot porter. (Tr. 37). At step five of the sequential evaluation process, the ALJ found that considering Plaintiff's age (46 years old on the alleged disability onset date), education (limited), work experience, and RFC, there were jobs that existed in significant numbers in the national economy

that Plaintiff could perform. (Tr. 37-38). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

 (1) Ticket Taker, DOT[1] 344.667-010, light, unskilled, SVP 2

 (2) Garment Bagger, DOT 920.687-018, light, unskilled, SVP 1

 (3) Stock Checker, Apparel, DOT 299.667-014, light, unskilled, SVP 2

(Tr. 38). The ALJ concluded that Plaintiff had not been under a disability from September 24, 2020, through the date of the decision. (Tr. 39).

## II. Analysis

On appeal, Plaintiff raised four issues:

 (1) Whether the ALJ properly considered the opinions of the State agency non-examining consultants and provided a clear explanation for not adopting all of the limitations these medical providers found in their opinions;

 (2) Whether the ALJ erred in failing to reference Plaintiff's migraine headaches and their impact on his RFC;

 (3) Whether the ALJ failed to properly consider Plaintiff's mental impairments; and

 (4) Whether the ALJ circumvented the Medical-Vocational Rule (Grid rule) 201.10.

(Doc. 10, p. 1-2). The Court turns to the first and third issues.

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

### A. State Agency Medical Providers' Opinions

Plaintiff contends that the ALJ erred in finding State agency consultative examiners' opinions persuasive yet failed to adopt the limitations found in their opinions or explain why they were not included. (Doc. 10, p. 5). The Commissioner contends that the ALJ properly considered the State agency consultative psychologists' opinions and included appropriate limitations in the RFC assessment. (Doc. 15, p. 12-15).

An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

In the decision, the ALJ found the opinions of the State agency consultative psychologists to be persuasive:

> The prior administrative findings of the medical consultants for the State Agency are persuasive (Ex. B1A/B2A; B5A/B6A).The finding that the claimant has severe mental impairments with moderate limitations in memory and concentration is consistent with the claimant's performance during mini mental testing conducted by the consulting psychologist, Dr. Hatton, and with his treating provider's notations on occasion of impaired attention and memory. Again, the consultants supported their analysis with a detailed analysis of the medical evidence of record and articulated a written rationale for the findings, citing to objective findings, making the assessment reliable. However, I further included a moderate limitation in adapting and managing oneself giving the claimant full benefit of his functioning reports and hearing testimony, indicating he relies heavily on his wife for decision making with respect to his medical treatment.

(Tr. 35). Based in part on these opinions, the ALJ limited Plaintiff in the RFC to understanding, remembering, and carrying out only simple instructions and finding that Plaintiff could concentrate, persist, and maintain pace to perform simple, routine job tasks with only occasional changes in the work setting. (Tr. 27).

Plaintiff claims that the State agency psychologists found that Plaintiff would have, among other things, moderate limitations in maintaining attention and concentration for extended periods. (Doc. 10, p. 6). Both State agency consultative psychologists James Levasseur, Ph.D., and David Tessler, Psy.D. found that for sustained concentration and persistence, Plaintiff would be able "to complete simple repetitive tasks for 6-8 hours in an eight-hour period, at an appropriate pace, and sustain this level across days and weeks." (Tr.78, 91, 109, 123).[2] Plaintiff argues

---

[2] Plaintiff raises other issues related to the State agency psychologists' opinions, but as this issue

that even though the ALJ found these opinions persuasive, the ALJ failed to adopt the limitations to simple, repetitive tasks for only 6-8 hours in an 8-hour day and failed to explain how Plaintiff could maintain full employment if only able to perform these tasks for 6 hours on some days. (Doc. 10, p. 7). The Commissioner contends that the ALJ was not required to adopt every portion of a persuasive medical opinion in the RFC assessment. (Doc. 15, p. 15).

While an ALJ may assess an RFC that differs from the medical opinions of record, here the ALJ found the State agency psychologists' opinions persuasive, supported, and reliable, but failed to explain why she did not adopt the opinions of these State agency psychologists as to Plaintiff's ability to complete simple, repetitive tasks for only 6-8 hours in an 8-hour day. Nor did the ALJ explain how Plaintiff could perform full-time work if only able to complete simple, repetitive tasks for 6 hours on some days.

Without such explanation, the ALJ failed to provide sufficient reasoning for the Court to conduct a meaningful review and determine whether substantial evidence supports the ALJ's RFC assessment. *See Morrison v. Comm'r of Soc. Sec.*, 660 F. App'x 829, 834 (11th Cir. 2016) ("The ALJ must state the grounds for her decision with clarity to enable us to conduct meaningful review."). Thus, remand is warranted on this issue.

---

is dispositive, the Court does not address the other issues. (*See* Doc. 10).

### B. Adapting or Managing Oneself

Plaintiff argues that the ALJ found Plaintiff had moderate limitations in adapting or managing himself, but did not include limitations in the RFC for this impairment. (Doc. 10, p. 18). Plaintiff claims that the RFC contains no limitations for decision-making. (Doc. 10, p. 18). The Commissioner asserts that the ALJ expressly included a limitation in the RFC to unskilled work to accommodate Plaintiff's moderate limitations in adapting or managing himself. (Doc. 15, p. 18-19).

As stated above, an individual's RFC is his ability to perform physical and mental work activities secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). As a result, an ALJ must consider all the relevant evidence, including both severe and non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010).

In assessing the severity of Plaintiff's mental impairments, the ALJ considered the "paragraph B" criteria and found Plaintiff experienced moderate limitations in adapting or managing oneself. (Tr. 26-27). Under § 12.00 of the Social Security Listings, adapting or managing oneself is defined as:

> This area of mental functioning refers to the abilities to regulate emotions, control behavior, and maintain well-being in a work setting. Examples include: responding to demands; adapting to changes; managing your psychologically based symptoms; distinguishing between acceptable and unacceptable work performance; setting realistic goals; making plans for yourself

> independently of others; maintaining personal hygiene and attire appropriate to a work setting; and being aware of normal hazards and taking appropriate precautions. These examples illustrate the nature of this area of mental functioning. We do not require documentation of all of the examples.

20 C.F.R. Pt. 404, Subpt. P, App.1, §12.00(E)(4).

In finding moderate limitations, the ALJ explained that Plaintiff maintained appropriate eye contact, hygiene and attire in public, and was able to tolerate and manage difficult situations, such as the loss of his job following an injury at work. (Tr. 27). The ALJ also noted that the record contained no evidence of conflicts between Plaintiff and his medical providers or staff. (Tr. 27). The ALJ then found:

> Nonetheless, the claimant's wife appears to have completed all the claimant's disability reports and the medical records indicate she is heavily involved in medical decision making. The claimant also reported that stress and change decrease his ability to perform tasks (Ex. B5E; B7E; B10E). Accordingly, I find that the claimant has a moderate limitation in adapting or managing oneself.

(Tr. 27). From these statements, the ALJ arguably finds Plaintiff's limitations in adapting or managing himself involve his lack of ability to made decisions and his reliance on his wife to make these decisions for him. (Tr. 27). The ALJ also found stress and change impact Plaintiff's ability to perform tasks. (Tr. 27).

Later in the decision, the ALJ again mentioned Plaintiff's moderate limitations in adapting or managing himself. First, the ALJ found that Plaintiff had some level of neurocognitive difficulty in the context of memory and focus. (Tr. 34). Based on these limitations, the ALJ "limited the claimant to unskilled work to

address his reported memory and concentration difficulties and the ability to adapt to changes in his environment." (Tr. 34). Second, the ALJ "further included a moderate limitation in adapting and managing oneself giving the claimant full benefit of his functioning reports and hearing testimony, indicating he relies heavily on his wife for decision making with respect to his medical treatment." (Tr. 35). The ALJ did not, however, explain what limitation in the RFC related to Plaintiff's limitations as to decision-making. While unskilled work generally requires only simple work-related decisions, the ALJ's decision is unclear if the RFC assessment accounts for Plaintiff's lack of ability to make decisions and to maintain work on a full-time basis. For these reasons, remand is warranted.

### C. Remaining Issues

Plaintiff also challenges whether the ALJ properly assessed Plaintiff's mental impairments, whether the ALJ erred in failing to consider Plaintiff's migraine headaches, and whether the ALJ erred in circumventing the Medical-Vocational Rule (Grid rule) 201.10. Rather than deciding these issues, because this action is remanded on other grounds that may affect the remaining issues, on remand, the Commissioner is directed to reconsider these issues as well.

### III. Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence

four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the State Agency consulting psychologists' opinions, Plaintiff's migraine headache complaints, Plaintiff's limitations in managing or adapting himself, and Medical-Vocational Rule 201.10. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

    **DONE** and **ORDERED** in Fort Myers, Florida on December 26, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 14 -